Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Elyssa Martinez (State Bar No. 355589)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
elyssa@ferrarovega.com

*Attorneys for Plaintiff Jasmine Williams*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC; and ERP INTERNATIONAL, LLC,<br><br>Defendants. | Case No. **'25CV234  BTM AHG**<br><br>**CLASS ACTION**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br>1. Failure to Pay All Overtime Wages Owed (FLSA, 29 U.S.C. § 201 *et seq.*)<br>2. Failure to Pay All Overtime Wages (Labor Code §§ 510, 1194, and 1198)<br>3. Meal Period Violations (Labor Code § 226.7)<br>4. Rest Period Violations (Labor Code § 226.7)<br>5. Paid Sick Leave Violations (Labor Code § 246 *et seq.*)<br>6. Untimely Payment of Wages (Labor Code § 204 *et seq.*)<br>7. Wage Statement Violations (Labor Code § 226 *et seq.*)<br>8. Waiting Time Penalties (Labor Code § 203)<br>9. Failure to Reimburse Business Expenses (Labor Code § 2802)<br>10. Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*) |

Plaintiff JASMINE WILLIAMS, individually and on behalf of all others similarly situated ("Plaintiff"), brings this CLASS AND COLLECTIVE ACTION COMPLAINT against Defendants ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC; ERP INTERNATIONAL, LLC ("Defendants"), alleging as follows:

## INTRODUCTION

1.    This is a class and collective action for Defendants' wage and hour violations.

2.    Defendants underpaid the California Class Members' wages by failing to include all forms of remuneration, including non-excludable remuneration, such as the "Hlt&Well" payments, into the regular rate of pay calculation for their hourly overtime, sick, and premium wages.

3.    Defendants also failed to maintain compliant meal and rest period policies and practices, resulting in a failure to pay all wages and premiums owed to the California Class Members at the lawful rate.

4.    Defendants failed to reimburse California Class Members for necessary expenses incurred in furtherance of the California Class Members' job duties.

5.    Defendants' employment policies and practices and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class and collective members.

6.    Defendants committed the same overtime violations with respect to a nationwide collective of employees, who Plaintiff seeks to represent under the Fair Labor Standards Act.

7.    Moreover, once each of the states where employees worked for Defendants are identified through discovery in this action, Plaintiff intends to amend this complaint to include the corresponding state law claims on a class wide basis, based on the factual allegations set forth herein.

- 1 -

CLASS AND COLLECTIVE ACTION COMPLAINT
*Williams v. Enterprise Resource Planning International, LLC, et al.*

## JURISDICTION & VENUE

8.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

9.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff brings claims on behalf of a California class of current and former California employees who worked throughout California, including at Defendants' worksite in San Diego County.

## PARTIES

**A.    Plaintiff Jasmine Williams**

10.    Plaintiff Williams is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about October 2024 to December 2024.

11.    Plaintiff worked as a Respiratory Therapist.

12.    Plaintiff worked in San Diego County as an employee of Defendants.

13.    Defendants paid various forms of remuneration to Plaintiff during her employment, including additional remuneration, sick pay, regular, overtime, and meal/rest premiums under Labor Code § 226.7.

14.    Plaintiff Williams provides written consent to join the FLSA action by virtue of filing this Complaint and attaches a written consent hereto as **Exhibit 1**.

**B.    Defendants Enterprise Resource Planning International, LLC; ERP International, LLC**

15.    Throughout the respective statutory periods, Defendants were legal employers of Plaintiff and the class and collective members.

- 2 -

CLASS AND COLLECTIVE ACTION COMPLAINT
*Williams v. Enterprise Resource Planning International, LLC, et al.*

16.     Defendant Enterprise Resource Planning International, LLC is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in this county.

17.     Defendant ERP International, LLC is a Maryland corporation that maintains operations and conducts business throughout the State of California, including in this county.

18.     Plaintiff is informed, believes, and alleges that during the previous four-year period, Defendants have employed class and collective members throughout the United States, including but not limited to California.

19.     Upon information and belief, Defendants are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as it exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under state and federal laws.

20.     Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## **CLASS ALLEGATIONS**[1]

21.     Plaintiff brings the Second through Tenth Causes of Action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to Defendants' violations of the California Labor Code and IWC Wage Orders.

---

[1] Once the states where each employee worked is revealed through discovery, Plaintiff intends to amend this Complaint to include class claims under applicable state law for the violations alleged herein.

22.     Plaintiff pursues the requested relief on behalf of the following California Class:

a.     All current and former non-exempt hourly employees of Defendants who worked in the State of California at any time during the four years (plus 178-day tolling period under Emergency Rule No. 9) preceding the filing of this action through the date of certification (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

23.     Plaintiff may move the Court based on more precisely defined subclasses according to proof after close of evidence on those issues, including subclasses for the regular rate violations, meal period violations, rest period, etc.

24.     Plaintiff is a member of the California Class she seeks to represent because she worked in the State of California within the past four years (including within the past 12 months) for Defendants, and because she was an employee who earned wages from Defendants during that period.

25.     Plaintiff estimates that the California Class, including current and former employees during the California Class Period, will exceed one hundred members, though the precise number of individuals in California should be readily available from Defendants' personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

26.     This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined common interest of many persons, and it is impractical to bring them all before the Court.  Plaintiff reserves the right to modify the California Class description or further divide it into subclasses.

27.     **Ascertainability**: The proposed California Class and its subclasses are ascertainable because they can be identified and located using Defendants' payroll, employment, and personnel records.

- 4 -

28.    **Numerosity**: The potential members of the California Class and its subclasses as defined is so numerous that joinder of all members would be infeasible and impractical.  The disposition of their claims through this class action will benefit both the parties and this Court.  The number of members of the California Class and subclasses is unknown to Plaintiff but is estimated to be more than 100 individuals.  The number and identity of members can be readily ascertained using Defendants' records.

29.    **Typicality**: Plaintiff's claims are typical of California Class and its subclasses because all sustained similar damages arising out of Defendants' common course of conduct in violation of law, particularly with respect to Defendants failure to include all forms of remuneration in the regular rate of pay for purposes of calculating and paying overtime and Labor Code § 226.7 wages.

30.    **Adequacy**: Plaintiff is an adequate representative of the California Class, will fairly protect the interests of California Class, has no interests antagonistic to California Class Members.  She will vigorously pursue this lawsuit.  Plaintiff's attorneys are competent, skilled, and experienced in litigating large wage and hour class actions.

31.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Each California Class Member has been damaged, and is entitled to recovery, because of Defendants' unlawful policies.  A class action will allow litigation of claims in the most efficient and economical manner for the parties and judicial system.  Plaintiff is unaware of any likely difficulties in managing this action that precludes a class action.

32.    Although Plaintiff and the California Class Members may have had different job titles, worked in different cities and counties, and received different hourly rates of pay, this action may be properly maintained as a class action because Plaintiff and the California Class were similarly situated:

a.    Plaintiff and the California Class Members were all hourly, non-exempt employees.

b.    Plaintiff and the California Class Members were subject to Defendants' policies, practices, and directives with respect to overtime pay.

c.    Plaintiff and the California Class Members were paid overtime wages and/or premium wages under Labor Code § 226.7.

d.    Plaintiff and the California Class Members were also paid additional remuneration, such as the "Hlt&Well" payments.

e.    Regardless of their job title or location, Defendants did not pay Plaintiff and the California Class Members at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

f.    Regardless of their job title or location, Defendants did not pay Plaintiff and the California Class Members premium pay under Labor Code § 226.7 when required for missed meal/rest periods at the lawful regular rate of compensation.

g.    Plaintiff and California Class Members were also deprived of reimbursement for work related expenses under Labor Code § 2802.

h.    Regardless of their job title or location, Defendants did not pay Plaintiff and the California Class Members sick pay under Labor Code § 246 in the same manner as the lawful regular rate of pay for the workweek.

## **GENERAL ALLEGATIONS**

33.    Plaintiff and the class and collective members worked for Defendants and were compensated on an hourly basis as nonexempt employees.

34.    Defendants failed to pay Plaintiff and the class and collective members overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

35.    Defendants failed to pay overtime and double time at the "regular rate of pay."

- 6 -

36. In addition to earning hourly compensation, Defendants paid Plaintiff and the class and collective members other forms of non-discretionary remuneration, including "Hlt&Well" payments, or cash-in-lieu of benefits, that Defendants failed to include in the overtime and double time rates in the pay periods where they earned both.

37. An illustrative example of this violation is shown on Plaintiff's wage statement with the pay period 10/01/24 to 10/15/24. Here, Plaintiff earned additional remuneration titled "Hlt&Well" in the amount of $218.15. She also worked 14 hours of overtime. The overtime was paid at 1.5x Plaintiff's base rate of $45, rather than 1.5x her regular rate of pay. Defendants failed to pay overtime as the proper rate of pay and failed to include all these non-discretionary and non-excludable payments into Plaintiff's overtime rate.

38. For each overtime hour worked during the period in which Plaintiff and the class and collective members earned the additional forms of remuneration, Defendants should have (but failed to) pay overtime "at a rate no less than ***one and one-half times the regular rate of pay*** for an employee" and "twice the regular rate of pay" for double time hours as required by the plain language of Labor Code section 510(a) and the IWC Wage Orders.

39. Defendants failed to comply with California's paid sick leave laws with respect to the class and collective members. As stated above, due to Defendants' failure to include all non-discretionary pay, including the "Hlt&Well" payments, Defendants failed to pay Plaintiff's and, on information and belief, the class and collective's paid sick leave at the regular rate of pay.

40. Additionally, Defendants failed to pay meal and rest period premiums to Plaintiff and the California Class Members at the regular rate of compensation.

41. Defendants did not consistently pay all meal and rest premiums and, to the extent paid, Defendants improperly excluded all forms of additional remuneration, such as the "Hlt&Well" payments, from the calculation of the premium pay.

- 7 -

42.    Instead, Defendants paid these premiums to Plaintiff and the California Class Members at their respective base hourly rates.

43.    First, Plaintiff and the California Class Members often experienced missed, late, short, and interrupted meal periods.  As a result, Plaintiff and the California Class Members often experienced noncompliant meal periods.  However, Defendants failed to pay all owed meal period premiums.

44.    Second, to the extent that Defendants paid meal period premiums, Defendants failed to pay Plaintiff and the California Class Members a meal period premium at the regular rate of compensation because premiums paid did not factor in all forms of remuneration including the "Hlt&Well" remuneration, instead electing to pay the California Class Members at their base hourly rate.

45.    Similarly, Defendants failed to provide all rest periods to which Plaintiff and the California Class Members were entitled and further failed to pay all owed rest period premiums.

46.    However, the Labor Code § 226.7 premium was not paid at the "regular rate of compensation," including all earnings and factoring in additional forms of non-excludable remuneration.

47.    As a result of Defendants' failure to include all earnings in the premium rate, Defendants underpaid Plaintiff and the California Class Members in those applicable pay periods.

48.    Because of these violations, Defendants failed to provide accurate itemized wage statements to California Class Members that included the accurate gross or net wages earned, as the employees earned overtime pay and premiums, which were not paid at the lawful rate in light of the regular rate violations.

49.    Likewise, overtime, sick, and premium wages were paid at inaccurate hourly wage rates (*i.e.* the base rate or a multiple of the base rate for overtime instead of the regular rate) which violates the wage statement requirement to include the correct

CLASS AND COLLECTIVE ACTION COMPLAINT
*Williams v. Enterprise Resource Planning International, LLC, et al.*

hourly rate in effect each pay period along with the correct number of hours. Therefore, Defendants have provided inaccurate and non-compliant wage statements to the California Class Members.

50.     Furthermore, in each pay period in which Defendants paid "Hlt&Well" payments, and other forms of remuneration, Defendants violated Labor Code § 226(a)(9) by failing to state the hourly rate at which the "Hlt&Well" payment earnings were paid, and the corresponding number of hours at that rate.

51.     An illustrative example of this violation is shown on Plaintiff's wage statement for the pay period 10/01/24 to 10/15/24. Here, Plaintiff earned a "Hlt&Well" payment in the amount of $218.15. However, Defendants failed to state the applicable hourly rates in effect and the number of hours worked at that rate. Instead, Defendants simply listed the gross amount as a lump sum paid, without listing rates or hours.

52.     Defendants required Plaintiff and the California Class Members to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiff and the California Class Members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice.

53.     First, Defendants required Plaintiff and the California Class Members to use their personal cell phones for work related purposes. For example, Defendants texted Plaintiff and the California Class Members to notify them of work tasks that needed to be completed. Further, Plaintiff and the California Class Members were required to submit their timesheets and clock in and out for work on their personal cell phones.

54.     Second, Plaintiff and the California Class Members paid for multiple certificates as required by Defendants. Specifically, Plaintiff and the California Class Members completed their Neonatal Resuscitation Program ("NRP") and Pediatrics Advanced Life Support ("PALS") certificates as required by Defendants. Plaintiff paid approximately $300 for each. Further, Plaintiff and the California Class Members

completed their Basic Life Support ("BLS") certificates as a condition of employment. Plaintiff paid approximately $200 for this required certificate.

55.    Third, Plaintiff and the California Class Members were not provided all necessary supplies to complete their job duties.   For example, Plaintiff and the California Class Members were required to consistently use pens during their shifts to complete work tasks.   Specifically, Plaintiff and the California Class Members were required to take notes throughout the day such as when the previous shift would provide updates before leaving and to write down vitals before charting the numbers.

56.    However, Defendants did not reimburse Plaintiff and other California Class Members for expenses incurred from cellphones, certificates, and supplies required for the job.

57.    These violations create derivative liability for failure to pay all wages owed each payday or upon separation of employment.

58.    As a result of the forgoing violations, Defendants also failed to timely pay all wages as they were due to Plaintiff and the California Class Members while they were employed and also failed to timely pay all wages due to Plaintiff and the California Class Members at their separation of employment.

## FLSA COLLECTIVE ACTION

59.    Plaintiff brings the FLSA claims individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendants' violation of the FLSA.

60.    Plaintiff pursues the requested relief on behalf of the following FLSA Collective:

a.    All current and former non-exempt hourly employees of Defendants who worked in the United States of America at any time during the three years preceding the filing of this action through the present date (hereinafter, the "FLSA Collective" and the "FLSA Period").

61.    Furthermore, within the FLSA Collective is a group of identifiable individuals who were paid overtime wages in the same pay period in which they were also paid other forms of non-excludable remuneration, such as the "Hlt&Well" payments, and such group is entitled to certification as a collective for the overtime regular rate claims as well based on the failure to include those "Hlt&Well" payments in the OT rate, as evident on employee wage statements.

62.    Plaintiff is a member of the FLSA Collective she seeks to represent because she worked in the United States of America within the past three years for Defendants and she was paid overtime wages in the same pay period in which she was paid other forms of non-excludable remuneration.

63.    Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

    b.    Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

    c.    Plaintiff and the FLSA Collective were subject to Defendants' policies, practices, and directives with respect to overtime pay.

    d.    Plaintiff and the FLSA Collective were paid overtime wages.

    e.    Plaintiff and the FLSA Collective were paid "Hlt&Well" payments and other forms of non-excludable remuneration.

    f.    Regardless of their job title or location, Defendants did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

64.    Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from

CLASS AND COLLECTIVE ACTION COMPLAINT
*Williams v. Enterprise Resource Planning International, LLC, et al.*

Defendants' personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

65.    The FLSA claims may be properly brought and maintained as an opt-in collective action.  29 U.S.C. 216(b).  The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### FLSA - 29 U.S.C. §§ 201 *et seq.*

### (Plaintiff and the FLSA Collective Against Defendants)

66.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

67.    Defendants have been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

68.    Defendants have employed, and continues to employ, the FLSA Collective as "employee[s]" within the meaning of the FLSA.

69.    Defendants knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

70.    Defendants employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

71.    Further, Defendants paid Plaintiff and the FLSA Collective "Hlt&Well" payments, and other forms of remuneration that were not subject to exclusion from the regular rate of pay under the FLSA.

72.    Defendants failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

73.    Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours per week (i.e., due to the regular rate underpayments).

74.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

75.    Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

76.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77.    As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES
### Violation of Labor Code §§ 510 and 1194

78.    All outside paragraphs of this Complaint are incorporated into this section.

79.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

80.    Defendants failed in their affirmative obligation to pay Plaintiff and California Class Members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

81.    Plaintiff and California Class Members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## THIRD CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 512

82.    All outside paragraphs of this Complaint are incorporated into this section.

83.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

84.    Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and California Class Members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code

sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

85.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and California Class Members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

86.    Plaintiff and California Class Members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 516

87.    All outside paragraphs of this Complaint are incorporated into this section.

88.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

89.    Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and California Class Members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

90.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and California Class Members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest

period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

91.    Plaintiff and California Class Members are entitled to recover the full amount of the rest period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL PAID SICK LEAVE WAGES

### Violation of Labor Code §§ 200, 218, 246 *et seq.*

92.    All outside paragraphs of this Complaint are incorporated into this section.

93.    Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

94.    Labor Code section 246(l) governs how Defendants were required to calculate paid sick leave:

[A]n employer shall calculate paid sick leave using any of the following calculations:

(1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

(2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime

premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

(3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

95.    Defendants failed to pay Plaintiff and California Class Members their paid sick leave wages at one of the lawful rates set forth in the statute because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and California Class Members.

96.    Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to California Class Members at the correct rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

97.    Pursuant to Labor Code section 248.1, Defendants were required to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave to employees for the period of April 20, 2020 to December 31, 2020.  Labor Code section 248.2 required Defendants to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2021 through at least September 30, 2021.  Labor Code section 248.6 extended Covid sick leave protections and requires employers to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2022 to September 30, 2022, and may be extended thereafter.

98.    Under Labor Code section 248.1, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the regular rate of pay for the last pay period, (2) state minimum wage, (3) local minimum wage.

99.    Under Labor Code section 248.2, non-exempt employees must be paid supplemental paid sick leave according to the highest of the following four methods:

(I)    Calculated in the same manner as the regular rate of pay for the workweek in which the covered employee uses COVID-19 supplemental paid sick leave, whether or not the employee actually works overtime in that workweek.

(II)    Calculated by dividing the covered employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

(III)    The state minimum wage.

(IV)    The local minimum wage to which the covered employee is entitled.

100.    Labor Code section 248.6 requires employers to pay supplemental sick leave using either method (I) or (II), as identified above.

101.    On information and belief, Defendants failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Defendants failed to include in their sick leave calculation the additional remuneration received by California Class Members.

102.    As a result, Defendants violated the Labor Code and are liable to Plaintiff and California Class Members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

### Violation of Labor Code §§ 204, 210, 218

103.    All outside paragraphs of this Complaint are incorporated into this section.

104.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for

- 18 -

an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

105.   Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and California Class Members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

106.   Plaintiff and California Class Members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CAUSE OF ACTION
### WAGE STATEMENT VIOLATIONS
### Violation of Labor Code § 226

107.   All outside paragraphs of this Complaint are incorporated into this section.

108.   This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

109.   Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and California

Class Members resulting in injury to Plaintiff and California Class Members. Specifically, the wage statements issued to Plaintiff and California Class Members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

110.   Defendants' unlawful acts and omissions deprived Plaintiff and California Class Members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

111.   As a result, Plaintiff and California Class Members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

<u>**EIGHTH CAUSE OF ACTION**</u>

**WAITING TIME PENALTIES**

**Violation of Labor Code §§ 201 *et seq*.**

112.   All outside paragraphs of this Complaint are incorporated into this section.

113.   This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

114.   Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and California Class Members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

115. Plaintiff and California Class Members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## NINTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

### Violation of Labor Code § 2802

116. All outside paragraphs of this Complaint are incorporated into this section.

117. Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

118. Defendants' unlawful acts and omissions deprived Plaintiff and California Class Members of lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiff and California Class Members are entitled to recover the amount of unreimbursed expenses of Plaintiff and California Class Members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

## TENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

119. All outside paragraphs of this Complaint are incorporated into this section.

120. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

121. Defendants' dependance on these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive other California Class Members of

compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

122. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

123. Plaintiff does not have an adequate remedy at law without the UCL all restitution sought herein, including the fact that the recovery sought does not extend to the four-year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

124. Plaintiff and California Class Members are entitled to restitution, and other equitable relief to return all funds over which Plaintiff and California Class Members have an ownership interest under Business and Professions Code § 17200 *et seq.*

125. Plaintiff and California Class Members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a.  For certification of this action as a class action;

b.  For certification of this action as an FLSA collective action;

c.  For appointment of Plaintiff as the representative of the classes and collective;

d.  For appointment of above-captioned counsel for Plaintiff as Class Counsel;

e.    For recovery of damages in amount according to proof;

f.    For all recoverable pre- and post-judgment interest;

g.    For recovery of all civil and statutory penalties and liquidated damages;

h.    For disgorgement of all amounts wrongfully obtained;

i.    For restitution and injunctive relief;

j.    For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5, and 29 U.S.C. § 216(b); and

k.    For such other relief the Court deems just and proper.

Dated: January 31, 2025            ***Ferraro Vega Employment Lawyers, Inc.***

_Nicholas J. Ferraro_

Nicholas J. Ferraro
*Attorney for Plaintiff*

- 23 -

CLASS AND COLLECTIVE ACTION COMPLAINT
*Williams v. Enterprise Resource Planning International, LLC, et al.*

# **Exhibit 1**
## Plaintiff's FLSA
## Consent to Join Form

## <u>FLSA CONSENT TO JOIN FORM</u>

Complete and Mail, Fax or Email to:

**FERRARO VEGA EMPLOYMENT LAWYERS**
**Re: FLSA Consent Form**
**3333 Camino Del Rio South, Suite 300**
**San Diego, CA 92108 USA**
**Phone: 619-693-7727 / Fax: 619-350-6855**
**Email: flsa@ferrarovega.com**
**www.ferrarovega.com**

By signing below:

I consent to join this lawsuit entitled *Jasmine Williams v. Enterprise Resource Planning International, LLC, et al.* in the U.S. District Court for the Southern District of California seeking unpaid wages and other relief provided under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

I choose to be represented by attorneys at Ferraro Vega Employment Lawyers, Inc.

Print Name: Jasmine Williams

Signature: *Jasmine Williams*

Date: Jan 31, 2025