UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE WILLIAMS,<br>individually and on behalf of all others similarly situated,<br>　　　　　　　　　　Plaintiff,<br>v.<br>ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC; and ERP INTERNATIONAL, LLC,<br>　　　　　　　　　　Defendants. | Case No.: 25-cv-234-BTM-AHG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF NO. 13]** |

　　　Pending before the Court is Defendants Enterprise Resource Planning International, LLC and ERP International, LLC's motion to dismiss Plaintiff Jasmine Williams's First Amended Complaint (FAC). (ECF No. 13). For the reasons discussed below, the motion is denied.

## BACKGROUND

　　　The FAC asserts a single cause of action under the Fair Labor Standards Act (FLSA) for failure to pay overtime wages. The FAC alleges that Defendants have violated the FLSA by failing to include health and wellness payments in

1  overtime rates.  Under the FLSA, overtime payments are calculated based on the
2  regular rate of pay, and Plaintiff alleges that the health and wellness payments
3  must, under the FLSA, be included in the regular rate.  *See generally Flores v. City*
4  *of San Gabriel*, 824 F.3d 890, 898 (9th Cir. 2016) (ruling that "cash-in-lieu of
5  benefits payments may not be excluded under [the FLSA] and therefore must be
6  included in the . . . regular rate of pay").

7      The Defendants assert, however, that the health and wellness payments
8  need not be included in the regular rate.  According to Defendants' motion to
9  dismiss, Plaintiff's employment was governed by the Service Contract Act (SCA),
10 and the SCA and its regulations exempt health and wellness payments from the
11 FLSA's overtime calculations.  Plaintiff does not dispute that the SCA applies here
12 but instead maintains that the health and wellness payments must be included in
13 overtime rates.

## MOTION TO DISMISS STANDARD

A complaint must contain facts "stat[ing] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  On a Rule 12(b)(6) motion to dismiss, a court must accept the factual allegations, but not the legal conclusions, as true.  *Id.*

## DISCUSSION

**A.  Defendants have not shown that the fringe benefits payments are exempt from the regular rate of pay.**

The SCA "requires government service contractors to satisfy certain minimum standards for wages and working conditions." *Menlo Service Corp. v. United States*, 765 F.2d 805, 807 (9th Cir. 1985).  The SCA requires employers to provide certain fringe benefits but allows that requirement to "be discharged by

furnishing any equivalent combinations of fringe benefits or by making equivalent or differential payments in cash under regulations established by the Secretary." 41 U.S.C. § 6703(2). 41 U.S.C. § 6707(e) addresses whether fringe benefits payments must be included in overtime rates and provides as follows:

> In determining any overtime pay to which a service employee is entitled under Federal law, the regular or basic hourly rate of pay of the service employee does not include any fringe benefit payments computed under this chapter [41 USCS §§ 6701 et seq.] which are excluded from the definition of "regular rate" under section 7(e) of the Fair Labor Standards Act of 1938.

Department of Labor (DOL) regulations provide that fringe benefits payments are not included in overtime calculations. 29 C.F.R. § 778.7 ("If the employer furnishes equivalent benefits or makes cash payments, or both, to an employee as therein authorized, the amounts thereof, to the extent that they operate to discharge the employer's obligation under the McNamara-O'Hara Act to furnish such specified fringe benefits, may be excluded pursuant to such Act from the employee's regular or basic rate of pay in computing any overtime pay due the employee under the Fair Labor Standards Act."); § 4.177(e) ("If [an employer] furnishes equivalent benefits or makes cash payments, or both, to such an employee as authorized herein, the amounts thereof, which discharge the employer's obligation to furnish such specified fringe benefits, may be excluded pursuant to this Act from the employee's regular or basic rate of pay in computing any overtime pay due the employee under any other Federal law.").

The FLSA calculates overtime obligations based on a "regular rate" of pay, and FLSA Section 207(e) lists specific categories of renumeration excluded from the regular rate. 29 U.S.C. § 207(e). It is undisputed here that FLSA Section 207(e) does not expressly exclude from a regular rate fringe benefits payments like those under the SCA. Instead, Defendants claim that the SCA and the DOL's

regulations exclude fringe benefits payments from the FLSA's overtime calculations.

Courts have read Section 6707(e) as simply providing that fringe benefits payments are excludable from the FLSA regular rate only insofar as they are excluded under Section 207(e). *Oliverio-Still v. AVMAC LLC*, No. 24-cv-0870-L-DEB, 2025 U.S. Dist. LEXIS 37731, *12-13 (S. D. Cal. Mar. 3, 2025); *Bonner v. Metro. Sec. Servs.*, No. SA-10-CV-937-XR, 2011 U.S. Dist. LEXIS 26251, *10-12 (W.D. Tex. Mar. 15, 2011); *Barnes v. Akal Sec., Inc.*, No. 04-1350-WEB, 2005 U.S. Dist. LEXIS 12268, *10-17 (D. Kan. June 20, 2005). Under this approach, SCA Section 6707(e) does not exclude fringe benefits payments from the FLSA's regular rate, and the DOL regulations to the contrary do not control.

This Court agrees. Under Section 6707(e)'s plain language, fringe benefits payments are excludable from the regular rate of pay only if they are excluded under Section 207(e). In other words, Section 6707(e) simply incorporates Section 207(e)'s exceptions, and Defendants have not shown that the fringe benefits payments are excludable under Section 207(e). That section does exclude payments for health insurance from the FLSA regular pay rate if they are made to a third party. 29 U.S.C. § 207(e)(4) (excluding from the regular rate "contributions irrevocably made by an employer to a trustee or third person pursuant to a bona fide plan for providing old-age, retirement, life, accident, or health insurance or similar benefits for employees"). Congress could have excluded cash payments to employees in lieu of actual health insurance coverage from the regular rate, but it chose not to. The absence of cash in lieu of benefits from Section 207(e)'s exclusions shows the drafter's intention not to exclude it. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1054 (9th Cir. 2018) (recognizing the presumption that "when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions" (citation omitted)). Because Defendants' argument is inconsistent with the plain language of Section 6707(e),

the DOL's regulations do not govern.

The plain language of Section 6707(e) governs and precludes Defendants' argument.

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: June 26, 2025

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge