BLANK ROME LLP
Frederick G. Sandstrom (PHV to be Filed)
gus.sandstrom@blankrome.com
1825 Eye Street NW
Washington, D.C. 20006
Telephone: 202.420.2757
Facsimile:  215.832.5679

BLANK ROME LLP
Leslie A. Horwitz (SBN 314449)
leslie.horwitz@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:  424.239.3400
Facsimile:    424.239.3434

Attorneys for Defendants
ENTERPRISE RESOURCE PLANNING
INTERNATIONAL, LLC; and
ERP INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE WILLIAMS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC; and ERP INTERNATIONAL, LLC,<br><br>          Defendants. | Case No.: 3:25-cv-00234-BTM-AHG<br><br>**DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: January 31, 2025<br>Trial Date:      Not Set |

DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP
INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT
3:25-cv-00234-BTM-AHG

Defendants ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC; and ERP INTERNATIONAL, LLC (individually and collectively, "Defendants") submit their Answer and Affirmative Defenses in response to the Complaint filed by Plaintiff JASMINE WILLIAMS ("Plaintiff").

## INTRODUCTION

1.      Defendants admit Plaintiff has brought an alleged collective action for wage and hour violations.  Defendants otherwise deny the allegations in paragraph 1 and specifically deny that there is any merit to Plaintiff's claims.

2.      Defendants deny the allegations in paragraph 2.

3.      Defendants deny the allegations in paragraph 3.

4.      Defendants deny the allegations in paragraph 4, and specifically deny that any state law claims are permitted, that there have been any violations of state law, and that Plaintiff has the right to amend the complaint without stipulation or order.

## JURISDICTION & VENUE

5.      Defendants admit paragraph 5.

6.      Defendants admit paragraph 6 to the extent venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district, including at Defendants' worksite in San Diego County, on a federal enclave.

## PARTIES

**A.      Plaintiff Jasmine Williams**

7.      Defendants admit that Plaintiff is an individual over 18 years of age who worked for Defendants in California between October 2024 and December 2024.  The remaining allegations in paragraph 7 are legal conclusions to which no answer is required; to the extent that an answer to any of the remaining allegations in paragraph 7 is required, those allegations are denied.

DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT

8.    Defendants admit the allegations in paragraph 8.

9.    Defendants admit the allegations in paragraph 9 and, answering further, state that Plaintiff worked for Defendants on a federal enclave.

10.    Defendants admit paragraph 10 to the extent that Defendants paid various forms of remuneration to Plaintiff during her employment. Defendants otherwise deny the allegations in paragraph 10.

11.    Defendants are without information to admit or deny paragraph 11.

**B.    Defendants, Enterprise Resource Planning International, LLC; ERP International, LLC**

12.    Defendants admit they employed Plaintiff. Defendants otherwise deny the allegations in paragraph 12.

13.    Defendants admit that Enterprise Resource Planning International, LLC is a Delaware corporation.  The remaining allegations in paragraph 13 are legal conclusions to which no answer is required; to the extent that an answer to any of the remaining allegations in paragraph 13 is required, those allegations are denied.

14.    Defendants deny the allegations in paragraph 14.

15.    Defendants deny the allegations in paragraph 15.

16.    The allegations in paragraph 16 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 16 is required, those allegations are denied.

17.    The allegations in paragraph 17 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 17 is required, those allegations are denied.

## GENERAL ALLEGATIONS

18.    Defendants admit that Plaintiff worked for Defendants and was compensated on an hourly basis.  The remaining allegations in paragraph 18 are legal

conclusions to which no answer is required; to the extent that an answer to any of the remaining allegations in paragraph 18 is required, those allegations are denied

19.    Defendants deny the allegations in paragraph 19.

20.    Defendants deny the allegations in paragraph 20 and specifically deny that the FLSA requires "double time" compensation.

21.    Defendants that they paid Plaintiff "Hlt&Well" payments. Defendants otherwise deny the allegations in paragraph 21.

22.    Defendants state that the wage statement referenced in paragraph 22 is a document that speaks for itself.  Defendants otherwise deny the allegations in paragraph 22.

23.    Defendants deny the allegations in paragraph 23.

## FLSA COLLECTIVE ACTION

24.    Defendants admit that Plaintiff purports to bring her claims individually and as a collective action.  Defendants otherwise deny the allegations in paragraph 24.

25.    Defendants admit that Plaintiff purports to bring her claims as a collective action.  Defendants otherwise deny the allegations in paragraph 25.

26.    The allegations in paragraph 26 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 26 is required, those allegations are denied.

27.    The allegations in paragraph 27 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 27 is required, those allegations are denied.

28.    The allegations in paragraph 28 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 28 is required, those allegations are denied.

29.    Defendants deny the allegations in paragraph 29.

**DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT**

30.    The allegations in paragraph 30 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 30 is required, those allegations are denied.

31.    The allegations in paragraph 31 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 31 is required, those allegations are denied.

32.    The allegations in paragraph 32 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 32 is required, those allegations are denied.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**FLSA – 29 U.S.C. §§ 201 *et seq.***

33.    Defendants incorporate their responses to the allegations in all outside paragraphs of the Complaint as if set forth herein.

34.    The allegations in paragraph 34 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 34 is required, those allegations are denied.

35.    The allegations in paragraph 35 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 35 is required, those allegations are denied.

36.    The allegations in paragraph 36 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 36 is required, those allegations are denied.

37.    The allegations in paragraph 37 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 37 is required, those allegations are denied.

**DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT**

38.    The allegations in paragraph 38 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 38 is required, those allegations are denied.

39.    Defendants deny the allegations in paragraph 39.

40.    The allegations in paragraph 40 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 40 is required, those allegations are denied.

41.    The allegations in paragraph 41 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 41 is required, those allegations are denied.

42.    The allegations in paragraph 42 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 42 is required, those allegations are denied.

43.    The allegations in paragraph 43 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 43 is required, those allegations are denied.

44.    The allegations in paragraph 44 are legal conclusions to which no answer is required; to the extent that an answer to any of the allegations in paragraph 44 is required, those allegations are denied.

## PRAYER

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer that follows paragraph 44, including the relief requested in each of subparagraphs (a) through (k) of the Prayer.

## AFFIRMATIVE DEFENSES

As for additional defenses to the First Amended Complaint ("FAC"), and without assuming any burden of pleading or proof that would otherwise rest on Defendants, and reserving the right to amend this Answer to assert any additional

DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT

defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, Defendants allege the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    The FAC and each cause of action alleged therein fail to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith and Reasonable Grounds)

2.    Defendants acted in good faith and had reasonable grounds to believe their actions complied with the FLSA (29 U.S.C. § 260).

## THIRD AFFIRMATIVE DEFENSE

### (Offset for Overpayments or Other Compensation)

3.    Any underpayment to Plaintiff or any putative collective action members was offset by other forms of compensation or overpayments.

## FOURTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

4.    Defendants did not willfully violate the FLSA, which limits damages and extends the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

5.    Plaintiff and any putative collective action members failed to take reasonable steps to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

### (De Minimis Doctrine)

6.    Any unpaid wages to Plaintiff or any putative collective action members were so minimal that they fall under the de minimis rule.

DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing or Collective Action Requirements Not Met)

7.    Plaintiff is not similarly situated to other members of the putative collective, or collective action requirements are not satisfied.

## EIGHTH AFFIRMATIVE DEFENSE

### (Conformity with DOL Guidance (29 U.S.C. § 259))

8.    Defendants relied on a written regulation, ruling, or interpretation from the Department of Labor (DOL) which bars liability.

## NINTH AFFIRMATIVE DEFENSE

### (Set-Offs and Credits)

9.    Defendants assert that any underpayment is offset for overpayments or other forms of compensation already provided to Plaintiff and any putative collective action members, such as bonuses or benefits, if they can be tied to the same work period.

## TENTH AFFIRMATIVE DEFENSE

### (Proper Compensation Paid)

10.    Plaintiff and any putative collective action members received all compensation, including overtime, which was properly calculated and paid.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Manageability and Individualized Issues)

11.    Class certification is improper because the case will be unmanageable due to individualized factual and legal issues.

## TWELFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

12.    Defendants had a clear policy and complaint mechanism for wage issues, and Plaintiff and any putative collective action members failed to use it, thus failing to mitigate or avoid the harm.

DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Use Timekeeping System)

13. Defendants assert that Plaintiff and any putative collective action members failed to comply with policy and properly track time, using available systems.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Common Policy or Practice)

14. Defendants deny there was any uniform policy or practice that violated the FLSA.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

15. Defendants allege that Plaintiff and any putative collective action members' claims are barred in whole or in part by a valid and enforceable arbitration agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Due Process Violations)

16. Aggregated statutory damages or class procedures violate Defendants' constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Exemption of Health & Wellness Payments)

17. Defendants assert that the Hlt&Well payments made to Plaintiff and any putative collective action members qualify for exclusion under the categories of 29 U.S.C.A. § 207.

///

///

///

///

DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent or Waiver)

18.    Plaintiff consented to or waived the rights she now attempts to assert in the FAC.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Lack of Commonality or Typicality)

19.    The claims or defenses are not common or typical across the proposed class.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Damages)

20.    Plaintiff or class members suffered no actual harm.

## RESERVATION OF RIGHTS

21.    Defendants presently have insufficient knowledge and/or information with which to form a belief as to whether or not they have additional yet unstated affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are available to them.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray for judgment as follows:

1.    That judgment is entered in favor of Defendants and against Plaintiff;

2.    That Plaintiff takes nothing by way of the FAC, and that the FAC is dismissed against Defendants with prejudice;

3.    That Defendants be awarded their reasonable costs, including attorneys' fees; and

///

///

///

**10**

**DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT**

4.    For such other and further relief as the Court may deem just and proper.

DATED:  July 10, 2025              BLANK ROME LLP


                                   By: */s/ Leslie A. Horwitz*
                                       Frederick G. Sandstrom (*phv* to be filed)
                                       Leslie A. Horwitz
                                   Attorneys for Defendants
                                   ENTERPRISE RESOURCE PLANNING
                                   INTERNATIONAL, LLC; and
                                   ERP INTERNATIONAL, LLC

**DEFENDANTS ENTERPRISE RESOURCE PLANNING INTERNATIONAL, LLC AND ERP INTERNATIONAL, LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT**